IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THORNHILL, LLC,
a West Virginia limited
liability company and
HIGHLAND FARM, LLC,
a West Virginia limited
liability company,

    Plaintiffs,

v().                                    Civil Action No. 3:05CV36
                                                  (STAMP)
NVR, INC., d/b/a Ryan Homes
and NVR, INC., d/b/a NV Homes,

    Defendants.

## **AMENDED SCHEDULING ORDER**

On November 18, 2005, the parties in the above-styled civil action appeared for a motions hearing on three motions for summary judgment filed in this action. This action is currently scheduled for trial on December 6, 2005. At the motions hearing, this Court asked counsel whether the December 6, 2005 deadline was appropriate in light of pending motions for summary judgment and other scheduling matters concerning this case. While counsel for the plaintiffs indicated that they would prefer to leave the current trial date in tact, by the end of the motions hearing, counsel for the plaintiffs indicated a preference for securing a revised trial date if it appeared that the December 6, 2005 trial date was unfeasible. For reasons apparent to this Court, it appears that the December 6, 2005 is not feasible and must be vacated. Accordingly, new deadlines are established as follows:

    1.    <u>Settlement Conference and Fed. R. Civ. P. 26(a)(3) Disclosures</u>: Pursuant to LR Civ P 16.04(a), counsel and unrepresented parties shall meet to conduct settlement negotiations

no later than **January 20, 2006**. Lead trial counsel for the plaintiff first named in the complaint shall take the initiative in scheduling such a meeting; all other counsel shall cooperate in the effort to achieve a successful negotiation and settlement. Counsel and unrepresented parties must be prepared at the pretrial conference to certify that they tried in their meeting to settle the case.

If the case is not settled at the meeting, and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all Fed. R. Civ. P. 26(a)(3) disclosures at the settlement meeting.

2. <u>Jury Instructions and Voir Dire</u>: Proposed jury instructions **on substantive theories of recovery or defense**, on damages and on evidentiary matters peculiar to the case, together with pertinent statutory and case authority, special interrogatories and verdict forms, if any be appropriate to the case, and all proposed voir dire questions requested by counsel for submission to the jury shall be exchanged by counsel and filed not later than **January 31, 2006**.

**If the instructions and voir dire in this case are being typed on a computer, counsel are requested to provide to the court a disk containing the instructions in WordPerfect 9.0 format which is labeled as to the case style, civil action number and party proposing the instructions. The envelope containing the disk should be marked "Contains Disk -- Do Not X-Ray -- May Be Opened for Inspection." The disk will be returned to counsel if requested.**

3. <u>Motions in Limine</u>:  **No motion in limine may be filed unless and until the moving party <u>consults</u> with opposing counsel to determine whether the matter presented in the motion is <u>actually in dispute</u>.  If the matter is not in dispute, but the party wishes to preserve the matter for the record, such party may file a stipulation <u>after</u> consulting with opposing counsel.**

**Where a matter is actually in dispute, all motions in limine, accompanied by memoranda of law, and all other related pretrial motions shall be filed not later than <u>January 12, 2006</u>.  Responses to such motions shall be filed by <u>January 19, 2006</u>.**

**If a motion in limine has been filed before the above deadline date, opposing counsel is directed to respond no later than fourteen days after the date of service of the motion in accordance with LR Civ P 7.02, or respond by the date given in this scheduling order, whichever date comes first.**

4. <u>Joint Pretrial Order</u>:  A proposed joint pretrial order, titled "Pretrial Order," shall be filed not later than **<u>January 25, 2006</u>**.  The proposed joint pretrial order shall contain at least those matters provided for under LR Civ P 16.04(b).  The witness lists, **which shall be filed as part of the pretrial order**, shall be considered by this Court as final lists and shall not be modified except for good cause shown.  Following the pretrial conference, this Court shall enter the pretrial order which shall then be modified only with the permission of the Court.

**In most cases, the plaintiff shall be responsible for initiating the preparation of the joint pretrial order.  However, in cases involving a <u>pro se</u> plaintiff, the defendant shall be**

3

**responsible for initiating the preparation of the joint pretrial order.**

5. Exhibits and Objections to Exhibits: On or before **January 30, 2006**, plaintiffs and defendants shall each:

a. file **A LIST** of proposed exhibits,

b. submit to the Clerk **ONE BINDER OF COPIES OF THE EXHIBITS**, with the exhibits indexed and individually tabbed, for the Court's use, and

c. forward copies of the proposed exhibits to opposing counsel.

Objections to exhibits, **WITH THE APPROPRIATE CITATIONS AND THE EXHIBIT TO WHICH OBJECTION IS MADE ATTACHED**,[1] shall be filed on or before **February 6, 2006**. Failure to comply with this paragraph may constitute a waiver of objections which will result in the Court's denying the admission of affected exhibits.

All exhibits shall be appropriately marked in numerical sequence (not lettered). Exhibit markers may be secured from the Clerk. **ORIGINAL EXHIBITS** shall be filed **AT THE TIME OF TRIAL AND SHOULD NOT BE FILED PRIOR TO TRIAL**. If counsel desires each juror to have a binder of copies of exhibits to view as counsel examines witnesses, these should be prepared for presentation to each juror at the appropriate time but with the Court's permission.

6. Interrogatories and Depositions to be Used at Trial and Objections: On or before **January 30, 2006**, plaintiffs shall file any interrogatories, answers thereto, depositions, etc., **specifying**

---

[1] When a party objects to an exhibit which is voluminous in size, the party may refer to the exhibit by number and dispense with this requirement, as long as the Court has previously been provided with a copy of the relevant exhibit binder.

**the appropriate portions thereto that plaintiffs intend to offer in this case**. Defendants shall do the same on or before **February 6, 2006**. Any objection to the introduction of any of the foregoing shall be filed in writing by the objecting party or parties no later than **February 9, 2006** or such objection shall be deemed to have been waived. This paragraph does not apply to discovery materials that will be used at trial solely in cross-examination or for impeachment.

    7. <u>Biographical Sketches</u>: Biographical sketches of any proposed expert witnesses shall be filed and served upon opposing counsel by **January 30, 2006**.

    8. <u>Stipulation of Facts</u>: Counsel are encouraged to meet and enter into stipulations of facts in this case and any such stipulation shall be reduced to writing, signed by counsel and filed and served upon opposing counsel by **January 30, 2006**.

    9. <u>Pretrial Conference/Final Settlement Conference</u>: A pretrial conference/final settlement conference shall be held on **January 30, 2006 at 10:00 a.m.** at Wheeling, West Virginia.[2] The conference shall be attended by <u>lead trial counsel</u> for each represented party and all unrepresented parties. Counsel and parties should be prepared to participate fully and to discuss all aspects of the case and the matters set forth in the pretrial order previously filed. Individuals with full authority to settle the case for each party shall be present in person or immediately available by telephone.

---

[2]The pretrial conference may be held by videoconference.

10. <u>Trial</u>:  Jury selection in this action shall be held on **February 16, 2006 at 8:30 a.m. at Martinsburg, West Virginia**. Trial will commence upon the completion of jury selection in any other case scheduled for this date.

11. <u>Settlement Authority and Sanctions</u>:  At least one of the attorneys for each party and all unrepresented parties participating in any conference before trial shall have authority to make decisions as to settlement, stipulations and admissions on all matters that participants reasonably anticipate may be discussed.  Counsel and parties are subject to sanctions for failures and lack of preparation specified in Fed. R. Civ. P. 16(f) and LR Civ P 37.01 respecting pretrial conferences or orders.

12. <u>Deadlines Final</u>:  The time limitations set forth above shall not be altered except as set forth in LR Civ P 16.01(f).

All dates for filings refer to the date the materials must be actually <u>received</u> not the mailing date.

The Clerk is directed to transmit a copy of this order to all counsel of record herein.

DATED:  November 21, 2005

<u>/s/ Frederick P. Stamp, Jr.</u>  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE