IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THORNHILL, LLC,
a West Virginia limited
liability company and
HIGHLAND FARM, LLC,
a West Virginia limited
liability company,

    Plaintiffs,

v.                                            Civil Action No. 3:05CV36
                                                           (STAMP)
NVR, INC. d/b/a Ryan Homes
and NVR, INC., d/b/a NVHomes,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING NVR, INC.'S MOTION TO ENFORCE SETTLEMENT
FOR LACK OF SUBJECT MATTER JURISDICTION**

I.    Background

This declaratory judgment action involves a dispute over various lot purchase agreements entered into between the plaintiffs, Thornhill, LLC ("Thornhill") and Highland Farm, LLC ("Highland Farm"), and the defendants, NVR, Inc. d/b/a Ryan Homes and NVR, Inc. d/b/a NVHomes, for the sale of a number of lots located in the Rural District of the Unincorporated Area of Jefferson County, West Virginia. On March 13, 2006, this Court entered a memorandum opinion and order granting the plaintiffs' motion for summary judgment with regard to three of the lot purchase agreements (termed the "Original Lot Purchase Agreements") after concluding that the plaintiffs had properly and successfully terminated those agreements. That opinion, however, did not

dispose of the entire case because of the defendants' assertion in an amended counterclaim that, regardless of whether the Original Lot Purchase Agreements were terminated, an additional set of later-executed lot purchase agreements (termed the "New Lot Purchase Agreements") remained binding on the plaintiffs. The parties later stipulated that the New Lot Purchase Agreements were properly executed.

In a memorandum opinion and order dated August 1, 2006, this Court granted the defendants specific performance of the New Lot Purchase Agreements and injunctive relief to prevent the plaintiffs from transferring the property at issue to a third-party in a manner inconsistent with the terms of the New Lot Purchase Agreements. This Court did not, however, make any determination as to whether, based on evidence not properly before it, termination of the New Lot Purchase Agreements occurred. Pursuant to the August 1 opinion, this civil action was dismissed and stricken from the active docket of this Court.

On August 23, 2006, the defendants filed a motion to enforce settlement. In their motion, the defendants assert that the parties reached a binding settlement agreement on August 4, 2006 and that the Court should enforce such agreement. The plaintiffs filed a response in opposition to the defendants' motion to enforce settlement asserting, among other things, that this Court no longer

2

has jurisdiction to consider the motion. The defendants filed a reply.

Following the defendants' motion to enforce settlement, the defendants filed a notice of appeal and the plaintiffs filed a notice of cross appeal. In their notice of appeal, the defendants assert that the appeal is "without waiver or prejudice" to the pending motion to enforce settlement.

## II. Discussion

As a threshold matter, this Court must determine whether it has subject matter jurisdiction to consider the defendants' motion to enforce settlement. As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Indeed, "[t]he filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Id.; see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 393 (4th Cir. 2004) (observing that the filing of a notice of appeal is jurisdictional in that it "establishes the point of time at which the subject-matter jurisdiction of the district court ends and that of the court of appeals begins").

This jurisdictional transfer principle prevents a district court from taking any action that would impermissibly "alter the status of the case as it rests before the Court of Appeals." Dayton Indep. School Dist. v. United States Mineral Prods. Co., 906 F.2d 1059, 1063 (5th Cir. 1990).

In this case, the defendants filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit on August 31, 2006. The defendants filed this appeal approximately one week after filing their motion to enforce settlement. Although the defendants assert in the notice of appeal that the appeal is without waiver or prejudice to their pending motion to enforce settlement, this Court finds that the notice of appeal divested it of subject matter jurisdiction to consider the defendants' motion to enforce settlement.

The defendants argue that the filing of a notice of appeal divests a district court of control only over those aspects of the case involved in the appeal. The defendants assert that the existence and enforceability of the settlement agreement are not matters before the Court of Appeals and thus this Court has subject matter jurisdiction over the motion to enforce settlement. This Court agrees with the defendants' statement that divestiture of jurisdiction generally occurs only as to those matters involved in the appeal. Griggs, 459 U.S. at 58 (appeal divests the district court of jurisdiction over "those aspects of the case involved in

the appeal"). However, this Court is not convinced that the alleged settlement agreement is unrelated to the issues currently on appeal. The defendants have appealed this Court's holding that the phrase "or any other delays" in the Original Lot Purchase Agreements creates "terminable events" that are in addition to governmental prohibitions or moratoria.

If this Court were to enforce the purported settlement agreement which the defendants allege is memorialized by the unsigned agreement dated August 4, 2006, no issues would remain for appeal. The purported settlement agreement provides that "[t]he parties have agreed to resolve <u>all claims</u> that were raised, or could have been raised in the Action . . . ." (Def.'s Mot. to Enforce Settlement Ex. 1.)(emphasis added) The settlement of "all claims" would necessarily include the defendants' claim that the phrase "or any other delays" does not create "terminable events" in addition to governmental prohibitions or moratoria. Because this Court's ruling on the meaning of that phrase is currently on appeal with the Fourth Circuit, enforcement of the purported settlement agreement would impermissibly alter the status of the pending appeal. Accordingly, this Court does not have subject matter jurisdiction to consider the defendants' motion to enforce settlement.

### III. Conclusion

For the reasons detailed above, this Court, lacking subject matter jurisdiction, does not reach the defendants' motion to enforce settlement. Accordingly, the defendants' motion to enforce settlement is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    December 14, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE